UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-00387-KDB

| | |
|---|---|
| DAVID M. SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> BUNCOMBE COUNTY, et al., ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

I. **BACKGROUND**

Pro se Plaintiff David M. Smith ("Plaintiff") is currently detained at the Buncombe County Detention Facility (the "Jail") in Asheville, North Carolina. He filed this action on November 4, 2025, pursuant to 42 U.S.C. § 1983, naming Buncombe County, Officer FNU Richards, and "John or Jane Doe," identified as working in "Medical," as Defendants in this matter. [Doc. 1 at 2-3]. Plaintiff sued Defendants Richards and Doe in their individual and official capacities. [Id.]. Plaintiff alleges that Defendant Richards gratuitously assaulted Plaintiff on October 8, 2025, for being a convicted sex offender while Plaintiff was in his wheelchair. [Id. at 4, 6]. Plaintiff further alleges that he attempted several times to contact "Medical" on his tablet and on the kiosk machine "to no avail." [Id. at 5].

Plaintiff claims that Defendants violated his right to "police protection."[1] [Id. at 3]. Plaintiff alleges having suffered various physical injuries. [Id. at 6]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

---

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint.

166 (2023).

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort."  Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  Plaintiff here does not allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation.  Plaintiff, therefore, has failed to state a claim against Defendant Buncombe County or Defendants Richards or Doe in their official capacities and any such claims will be dismissed.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  To state a Fourteenth Amendment excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable."  Kingsley v. Hendrickson, 576 U.S. 389 (2015).  The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one."  Id.  In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight."  Id. (citing Graham, 490 U.S. at 396).

3

A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Furthermore, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).

Here, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's claim against Defendant Richards based on the alleged use of excessive force is not clearly frivolous and survives initial review. Plaintiff, however, has failed to state a claim against Defendant Doe. Plaintiff has not alleged any particular conduct by

this Defendant, only that he tried to contact "Medical" several times. The Court, therefore, will dismiss Plaintiff's claim based on the lack of medical care after the alleged use of force incident.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Richards. Plaintiff's remaining claims and the remaining Defendants will be dismissed.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Richard, which passes initial review.

**IT IS FURTHER ORDERED** that Defendants Buncombe County and Doe are **DISMISSED** as Defendants in this matter.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant Richards for service of process and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summons from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the Defendant.

**IT IS SO ORDERED**.

Signed: January 6, 2026

Kenneth D. Bell
United States District Judge