# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:25-cv-00387-KDB

| | | |
|---|---|---|
| DAVID M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| FNU RICHARDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 15], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I.    BACKGROUND

Pro se Plaintiff David M. Smith ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Piedmont Correctional Institution in Salisbury, North Carolina. He filed this action on January 6, 2026, pursuant to 42 U.S.C. § 1983, naming Buncombe County, Officer FNU Richards, and "John or Jane Doe," identified as working in "Medical," as Defendants in this matter. [Doc. 1 at 2-3]. Plaintiff sued Defendants Richards and Doe in their individual and official capacities. [Id.]. Plaintiff alleged that Defendant Richards gratuitously assaulted Plaintiff on October 8, 2025, for being a convicted sex offender while Plaintiff was in his wheelchair. [Id. at 4, 6]. Plaintiff further alleged that he attempted several times to contact "Medical" on his tablet and on the kiosk machine "to no avail." [Id. at 5].

On January 6, 2026, Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Richards passed initial review and Plaintiff's remaining claims and the

remaining Defendants were dismissed for Plaintiff's failure to state a claim for relief. [Doc. 6]. Defendant Richards was served with Summons and Complaint on January 30, 2026, and his answer was due on February 20, 2026. [Doc. 11]. Defendant Richards, however, has not yet answered Plaintiff's Complaint.

Now pending for initial review is Plaintiff's Amended Complaint. [Doc. 15]. Plaintiff names as Defendants the Buncombe County Detention Center and FNU Richards in his individual and official capacities. [Id. at 2]. Plaintiff alleges as follows. On October 8, 2025, from around 9:00 a.m. to 11:00 a.m., Plaintiff was in his wheelchair rolling back to his cell with a cup of hot water. Defendant Richards yelled something at the Plaintiff, but Plaintiff did not hear it and proceeded to his cell. Defendant Richards then shoved Plaintiff's head down between his legs and grabbed the collar of Plaintiff's jumpsuit and started shaking the Plaintiff "like a rag doll." The cup of hot water spilled on Plaintiff's "private parts." As Plaintiff stood up, Defendant Richards grabbed the arm of the wheelchair and tried to turn the Plaintiff over with it. Plaintiff fell back down into the seat. [Id. at 4]. Defendant Richards rolled Plaintiff into the wall, smashed Plaintiff's leg, and shoved him back inside his cell. [Id. at 4-5]. Plaintiff asked "for medical emergency" and Richards replied, "f**k you all the Day!" [Id. at 8].

Plaintiff claims violation of his Fourteenth Amendment right to be free from excessive force. [Id. at 3]. Plaintiff alleges having suffered various physical injuries. [Id. at 4]. Plaintiff seeks monetary relief only. [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under

§ 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

Plaintiff's official capacity claim against Defendant Richards fails initial review for the same reasons as on initial review of Plaintiff's Complaint. [See Doc. 6 at 3]. Moreover, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). The Court, therefore, will also dismiss Defendant Buncombe County Detention Center as a Defendant.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state a Fourteenth Amendment excessive force claim, a pretrial detainee must show only that the force

3

"purposely or knowingly used against him was objectively unreasonable." <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." <u>Id.</u> In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." <u>Id.</u> (citing <u>Graham</u>, 490 U.S. at 396).

As before, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's claim against Defendant Richards based on the alleged use of excessive force is not clearly frivolous and survives initial review.

## IV.  CONCLUSION

In sum, the Amended Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Richards. The remaining claims and Defendant will be dismissed for Plaintiff's failure to state a claim for relief.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourteenth Amendment excessive force claim against Defendant Richards, which passes initial review.

**IT IS FURTHER ORDERED** that Defendant Buncombe County Detention Center is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Defendant Richards shall **ANSWER** or otherwise respond to Plaintiff's Amended Complaint within fourteen (14) days of this Order.

4

**IT IS SO ORDERED**.

Signed: March 26, 2026

Kenneth D. Bell
United States District Judge